# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BREANNA L. HOGLUND,<br><br>      Plaintiff,<br><br>vs.<br><br>NANCY A. BERRYHILL,[1]<br>**Acting Commissioner of the Social Security Administration,**<br><br>      Defendant. | Case No. 4:16-cv-00472-GBC<br><br>(MAGISTRATE JUDGE COHN)<br><br><br>OPINION AND ORDER TO<br>GRANT PLAINTIFF'S APPEAL |

## OPINION AND ORDER OPINION AND ORDER TO GRANT PLAINTIFF'S APPEAL

### I.    Procedural Background

On October 8, 2013, Breanna L. Hoglund ("Plaintiff") filed as a claimant for disability benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 401-433, 1382-1383 ("Act"), with a claimed a disability onset date of January 1, 2009. (Administrative Transcript ("Tr."), 17, 127). On November 17, 2014, the ALJ held a hearing where Plaintiff proceeded without representation and a vocational expert testified. (Tr. 30-58). On January 16, 2015, the administrative law judge ("ALJ") found Plaintiff was not disabled within the meaning of the Act. (Tr. 14-29). Plaintiff sought review of the unfavorable decision, which the Appeals Council denied on May 18, 2016, thereby affirming the decision of the ALJ as the "final decision" of the Commissioner of the Social Security Administration ("SSA"). (Tr. 1-7).

On July 19, 2016, Plaintiff filed the above-captioned action pursuant to 42 U.S.C. § 405(g)

---

[1] Effective January 23, 2017, Nancy A. Berryhill replaced Carolyn W. Colvin as Acting Commissioner of the Social Security Administration ("SSA") and is substituted as defendant in this action pursuant to Federal Rule of Civil Procedure 25(d).

to appeal a decision of Defendant denying social security benefits. (Doc. 1). On December 8, 2016, Defendant filed an administrative transcript of proceedings. (Doc. 13). On May 30, 2017, Plaintiff filed a brief in support of the appeal. (Doc. 21 ("Pl. Br.")). On July 31, 2017, Defendant filed a brief in response. (Doc. 23 ("Def. Br.")). On August 15, 2017, Plaintiff filed a reply brief. (Doc. 25 ("Reply")).

## II. Background

Plaintiff was born in February 1991 and thus was classified by the regulations as a younger person through the date of the ALJ decision. (Tr. 25); 20 C.F.R. § 404.1563(c). Plaintiff's appeal is limited to the determination that she was not disabled due to her learning impairment. (Pl. Br. at 2). Plaintiff completed the twelfth grade and attended special education classes. (Tr. 148). Plaintiff had a driver's permit but did not pursue a license due to fear of driving and later was approved for a transportation service to take her to work. (Tr. 42-43, 47-48). Plaintiff earned $5095 in 2012. (Tr. 136-40). While working as a stocker for K-mart, Plaintiff earned $927 in fourth quarter of 2013 and $2347 in the first quarter of 2014. (Tr. 138-39). Plaintiff's part-time work met the description for stocker under the Dictionary of Occupation Titles (DICOT) 922.687-058, which was performed at the medium level of exertion and was an unskilled (SVP $2^2$). (Tr. 55-56). The ALJ determined that Plaintiff's part-time job did not qualify as substantial gainful activity. (Tr. 19); see also 20 C.F.R. § 404.1574 (effective from December 18, 2006 to November 15, 2016)); Bailey v. Berryhill, 250 F. Supp. 3d 782, 788 (D. Colo. 2017). In 2013, the minimum wage

---

[2] SSR 00–4P ("The [Dictionary of Occupational Titles] lists a specific vocational preparation (SVP) time for each described occupation. Using the skill level definitions in 20 CFR 404.1568 and 416.968, unskilled work corresponds to an SVP of 1-2"); 20 C.F.R. § 404.1568 ("Unskilled work is work which needs little or no judgment to do simple duties that can be learned on the job in a short period of time.").

threshold was an average of $1040 per month and in 2014 the minimum wage threshold amount was $1070 per month. See 20 C.F.R. §§ 404.1574(b)(2).[3]

### III. Legal Standards and Review of ALJ Decision

To receive disability or supplemental security benefits under the Act, a claimant bears the burden to demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); accord 42 U.S.C. § 1382c(a)(3)(A). The Act further provides that an individual:

> shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). Plaintiff must demonstrate the physical or mental impairment "by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D).

Social Security regulations implement a five-step sequential process to evaluate a disability claim. 20 C.F.R. §§ 404.1520, 416.920; Williams v. Bowen, 844 F.2d 748, 750 (10th Cir. 1988) (setting forth the five steps in detail). "If a determination can be made at any of the steps that a plaintiff is or is not disabled, evaluation under a subsequent step is not necessary." Williams, 844 F.2d at 750. The claimant bears the burden of proof at steps one through four. See Wells v. Colvin,

---

[3] See also "Monthly substantial gainful activity amounts,"
https://www.ssa.gov/OACT/COLA/sga.html (last viewed March 6, 2018).

727 F.3d 1061, 1064 at n.1. (10th Cir. 2013). If the claimant satisfies this burden, then the Commissioner must show at step five that jobs exist in the national economy that a person with the claimant's abilities, age, education, and work experience can perform. Id.

In reviewing a decision of the Commissioner, the Court is limited to determining whether the Commissioner has applied the correct legal standards and whether the decision is supported by substantial evidence. See e.g., 42 U.S.C. § 405(g) ("court shall review only the question of conformity with such regulations and the validity of such regulations"); Grogan v. Barnhart, 399 F.3d 1257, 1261 (10th Cir. 2005). Substantial evidence "does not mean a large or considerable amount of evidence, but rather 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Pierce v. Underwood, 487 U.S. 552, 565 (1988) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The Court's review is based on the record, and the Court will "meticulously examine the record as a whole, including anything that may undercut or detract from the [Administrative Law Judge's] findings in order to determine if the substantiality test has been met." Id. The Court may neither re-weigh the evidence nor substitute its judgment for that of the Commissioner. See Hackett v. Barnhart, 395 F.3d 1168, 1172 (10th Cir. 2005). Even if the Court might have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands. See White v. Barnhart, 287 F.3d 903, 908 (10th Cir. 2002).

**A.  Step Five Finding**

Plaintiff argues that the ALJ committed reversible error at step five of the sequential evaluation. (Pl. Br. at 5). The ALJ determined Plaintiff had:

> the residual functional capacity ("RFC") to perform a full range of work at all exertional levels but with the following nonexertional limitations: [Plaintiff] can perform simple tasks with routine supervision, she can relate to supervisors and

peers on a superficial work basis, can adapt to a work situation, but **cannot relate to the public**.

(Tr. 21) (bold emphasis added). However, in the hypothetical question to the vocational expert ("VE"), the ALJ stated Plaintiff could have only "occasional" contact with the public. (Tr. 56). Defendant concedes:

> "the ALJ's hypothetical question to the vocational expert contained a different limitation than the ALJ included in his RFC finding. . . . Here, the Commissioner does not dispute that the ALJ's RFC did not meet that basic requirement. Nevertheless, this Court should decline Plaintiff's request to remand this case because, in this particular circumstance, remand would serve no useful purpose and would merely prolong the administrative proceedings without changing the final result."

(Def. Br. at 3-4). Generally, a vocational expert's testimony is substantial evidence upon which the ALJ can rely in making vocational findings, but only if the RFC finding includes the same limitations as those found in the hypothetical question posed to the vocational expert. See, e.g., Qualls v. Apfel, 206 F.3d 1368, 1373 (10th Cir. 2000). At step five the Commissioner bears the burden to show that jobs exist in the national economy that a person with the claimant's abilities, age, education, and work experience can perform. See Wells v. Colvin, 727 F.3d 1061, 1064 at n.1. (10th Cir. 2013).

In meeting the step five burden, an ALJ may decide a VE's opinion is necessary to determine when there exists jobs in the national economy for a claimant with a combination of exertional and nonexertional limitations. See 20 C.F.R. §§ 404.1560(c)(2), 416.960(c)(2); 20 C.F.R. §§ 404.1566(e), 416.966(e); "When to Obtain Vocational Expert Opinion," HALLEX I-2-5-50. Section 404.1560(c)(2) of Title 20 of the Code of Federal Regulations explains "at this fifth step of the sequential evaluation process, we are responsible for providing evidence that demonstrates that other work exists in significant numbers in the national economy that you can do, given your residual functional capacity and vocational factors."

In presenting the harmless error argument, Defendant asks the Court to assume evidence that it not in the record in order for the Commissioner to meet the step five burden. (See Def. Br. at 3-9). Most persuasive point to Defendant's argument is two of the jobs identified (Packager, DICOT # 920.687-134, 1991 WL 687994 and Office Cleaner, DICOT # 323.687-014, 1991 WL 672783) are described in the dictionary of occupational titles as not requiring any talking or hearing in order to perform the job. This argument was endorsed in the recommendation in Stultz v. Colvin; however, the District Judge ultimately rejected the recommendation on other grounds. Stultz v. Colvin, No. 13-CV-766-CVE-FHM, 2015 WL 868197, at *5 (N.D. Okla. Jan. 29, 2015), report and recommendation rejected, No. 13-CV-0766-CVE, 2015 WL 868260 (N.D. Okla. Feb. 27, 2015). The Tenth Circuit has clearly spoken on the matter and the "testimony elicited by hypothetical questions that do not relate with precision all the claimants' impairments cannot constitute substantial evidence to support the [Commissioner's] decision." Hargis v. Sullivan, 945 F.2d 1482, 1492 (10th Cir. 1991); see also Winfrey v. Chater, 92 F.3d 1017, 1024, n. 5 (10th Cir. 1996); Gay v. Sullivan, 986 F.2d 1336, 1341 (10th Cir. 1993). Moreover, the erroneous hypothetical posited to the VE was less favorable to Plaintiff than the restrictions in the RFC.[4] See Pasco v. Commissioner of Social Sec., 137 Fed.Appx. 828 (2005) (noting where the error resulted in a more favorable hypothetical than the RFC, such would constitute harmless error). In light of the Tenth Circuit president, the Commissioner did not meet the step five burden.

---

[4] As Plaintiff was unrepresented during the hearing, the ALJ's duty to develop the VE testimony and ensure its accuracy is heightened. See e.g., Henrie v. U.S. Dep't of Health & Human Servs., 13 F.3d 359, 360–61 (10th Cir. 1993); Haddock v. Apfel, 196 F.3d 1084, 1087 (10th Cir. 1999) (regarding ALJ's heightened duty to resolve conflicts presented in the VE testimony when a claimant is unrepresented)).

**B. Other Allegations of Error**

Plaintiff's additional claims of error may be remedied through the case's treatment on remand; and, thus, the Court declines to address those claims. Accord Williams v. Colvin, No. CIV-13-448-R, 2014 WL 2949470, at *4 (W.D. Okla. June 27, 2014); see, e.g., Wade v. Astrue, 268 F. App'x 704, 706–07 (10th Cir. 2008).

## CONCLUSION

For the foregoing reasons, the ALJ's decision finding Plaintiff not disabled is **REVERSED and REMANDED** for further proceedings.

SO ORDERED on March 26, 2018.

Gerald B. Cohn
**United States Magistrate Judge**