# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BREANNA L. HOGLUND,<br><br>Plaintiff,<br><br>vs.<br><br>NANCY A. BERRYHILL,[1]<br>Deputy Commissioner for Operations,<br>performing the duties and functions not<br>reserved to the Commissioner of Social<br>Security,<br><br>Defendant. | Case No. 4:16-cv-00472-GBC<br><br>(MAGISTRATE JUDGE COHN)<br><br>OPINION AND ORDER TO GRANT<br>PLAINTIFF'S MOTION FOR ATTORNEY<br>FEES |

## OPINION AND ORDER TO GRANT PLAINTIFF'S MOTION FOR ATTORNEY FEES

Before the Court is Plaintiff's Application for Award of Attorney Fees pursuant to 28 U.S.C. § 2412, the Equal Access to Justice Act (the "EAJA"). (Doc. 28). The Commissioner objects to the request. (Doc. 29).

The EAJA requires the United States to pay attorney fees and expenses to a "prevailing party," unless the Court finds the position of the United States was substantially justified, or special circumstances make an award unjust. 28 U.S.C. § 2412(d). The United States bears the burden of proving that its position was substantially justified. Kemp v. Bowen, 822 F.2d 966, 967 (10th Cir. 1987). In addition, once an EAJA application is filed, the government must justify both its position in any underlying administrative proceedings and in any subsequent court litigation. Hackett v. Barnhart, 475 F.3d 1166, 1170 (10th Cir. 2007).

---

[1] Ms. Berryhill, Deputy Commissioner for Operations, is leading the Social Security Administration, pending the nomination and confirmation of a Commissioner. Pursuant to Federal Rule of Civil Procedure 25(d), Deputy Commissioner for Operations Berryhill should be substituted as the defendant in this action. No further action need be taken to continue this suit by reason of the last sentence of the Social Security Act, 42 U.S.C. § 405(g).

In Pierce v. Underwood, 487 U.S. 552, 565, 108 S. Ct. 2541 (1988), the Supreme Court defined "substantially justified" as "justified in substance or in the main—that is, justified to a degree that could satisfy a reasonable person." "Substantially justified" is more than "merely undeserving of sanctions for frivolousness." Id. However, the Tenth Circuit has held that EAJA fees are not automatically awarded in all Social Security cases where the government is unsuccessful on the merits. Hadden v. Bowen, 851 F.2d 1266, 1269 (10th Cir. 1988). To determine whether a position is substantially justified, the Court is guided by the language in Pierce, that "a position can be justified even though it is not correct . . . and can be substantially (i.e., for the most part) justified if a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact." Pierce v. Underwood, 487 U.S. 552, 566, n.2.

In addition, in determining whether the government's position is substantially justified, the Court is not to equate the concept of substantial justification with the substantial evidence required to support the agency's decision. Hadden, 851 F.2d at 1269. The Tenth Circuit has rejected such an approach, holding that a position may be substantially justified even though it is not supported by substantial evidence. Id. If this were not the case, there would be "an automatic award of attorney's fees in all social security cases in which the government was unsuccessful on the merits." Id. The Tenth Circuit has reasoned that an automatic award of fees under the EAJA would be contrary to the intent of Congress and has adopted the majority rule "that a lack of substantial evidence on the merits does not necessarily mean that the government's position was not substantially justified." Id. at 1267. The Court quoted the following language from a Second Circuit case, "a reversal based on the 'hazy contours of the "substantial evidence" rule' does not necessarily mean that the position of the Government was not substantially justified. Id. at 1269 (quoting Cohen v. Bowen, 837 F.2d 582, 858 (2nd Cir. 1988)).

In the objection, Defendant resubmits previous argument that the conceded errors by the ALJ were harmless. (See Def. Obj. Doc. 29). While Defendant cites to cases regarding harmless error in general, Defendant fails to direct the Court to a case which would demand a finding of harmless error in this instance. In the original March 2018 order (Doc. 26), the Court rejected Defendant's attempt to "assume evidence that it not in the record in order for the Commissioner to meet the step five burden." (Doc. 26). The Tenth Circuit has clearly spoken on the matter, finding the "testimony elicited by hypothetical questions that do not relate with precision all the claimants' impairments cannot constitute substantial evidence to support the [Commissioner's] decision." Hargis v. Sullivan, 945 F.2d 1482, 1492 (10th Cir. 1991); see also Winfrey v. Chater, 92 F.3d 1017, 1024, n. 5 (10th Cir. 1996); Gay v. Sullivan, 986666 F.2d 1336, 1341 (10th Cir. 1993).

Therefore, the Court finds the Commissioner's position was not substantially justified or reasonable. Moreover, the law was not "unclear or in flux." See Evans v. Colvin, 640 F. App'x 731, 733 (citing Martinez, 815 F.2d at 1383).

## IV. CONCLUSION

The Court hereby GRANTS Plaintiff's Motion for Attorney Fees (Doc. 28) pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. The Court awards attorney's fees of $4,435.25 to Plaintiff, as the prevailing party. The award is in favor of Plaintiff, and against the Defendant, Nancy A. Berryhill, Deputy Commissioner for Operations, performing the duties and functions not reserved to the Commissioner of Social Security, pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412. See Astrue v. Ratliff, 560 U.S. 800 (2010) (holding EAJA fees are to be awarded to the prevailing party and are therefore subject to offset to pay pre-existing governmental debts). The attorney's right to subsequently collect a fee from the EAJA award

which the client is ultimately paid is controlled by the contract between the attorney and the client, who may assign the award received to the attorney. Id.

SO ORDERED this 30 August 2018.

                                        **Gerald B. Cohn**
                                        **United States Magistrate Judge**